**Lynn MARTIN, Secretary of the United States Department of Labor, Plaintiff,**

v.

**CONTINENTAL CASUALTY COMPANY, et al., Defendants.**

**No. 89 C 7692.**

United States District Court, N.D. Illinois, E.D.

Nov. 13, 1992.

Leonard A. Grossman, U.S. Dept. of Labor, Office of the Sol., Chicago, IL, Nancy E. Dorf, William Zuckerman, Donna Doll, U.S. Dept. of Labor, Office of Sol., Washington, DC, for Elizabeth Dole.

Michael W. Early, Gary Michael Elden, Grippo & Elden, Chicago, IL, for American Cas. Co. of Reading Pennsylvania, Continental Cas. Co.

Deborah Gage Haude, Gregory Michael Garger, Dan K. Webb, Winston & Strawn, Jayne Carr Thompson, Lydon & Griffin, Chicago, IL, for Gail Fabian, Florence Farr, Frank Gerace, Edward Hanley, John Kenneally, Herman Leavitt, Jeff D. McColl, Robert Richardson, Vincent Sirabella, Dale Stormer, Ray Chinman, John O'Gara, Jerry Berns, Paul Diamico, Brian Handleman, Phillip R. Kane, A.M. Quarles, William Schuman, Hazel Ward, E.A. Cataldo, John Penman.

Willis Rollin Tribler, Dion Joseph Sartorio, Tribler & Orpett, Chicago, IL, for John J. Reynolds, and Rock, Fusco, Reynolds & Garvey, Ltd.

### MEMORANDUM OPINION AND ORDER

LINDBERG, District Judge.

Plaintiff, Lynn Martin, Secretary of the United States Department of Labor, has filed an application for authorization to serve trial subpoena. In it, plaintiff argues that Mr. Steven Sills "is a party witness and required to appear and testify pursuant to the issued subpoena," but "should this court determine Mr. Sills is a non party witness, the Secretary hereby applies for authorization from this court to serve its trial subpoena upon Stephen Sills and an order commanding him to appear and testify pursuant to Rule 45(b)(2) of the Federal Rules of Civil Procedure and section 502(e)(2) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(e)(2)."

Although issued from the court, the completion and service of subpoenas are mat-

ters generally left to the parties or their attorneys. FRCP 45. In most instances, the court becomes involved in matters concerning subpoenas only after the subpoena has been served and a motion is made to quash or modify the subpoena. See FRCP 45(c)(3)(A).

■ Plaintiff's first argument is stated as follows:

Plaintiff ... has issued a trial subpoena commanding Steven Sills, a Connecticut resident, to appear in person and testify at trial in Chicago, Illinois. At all times relevant to this action, Mr. Sills was an employee of defendant CNA's managing agent, Stewart Smith East. Accordingly, as an agent of defendant CNA, Mr. Sills is a party witness and required to appear and testify pursuant to the issued subpoena.

Although it appears unlikely that Mr. Sills is a party witness under these facts, since it appears that he is no longer employed by "defendant CNA's managing agent", the question is not properly before the court and will not be decided. There is no motion to modify or quash the subpoena pending and the subpoena if defended on the grounds that Mr. Sills is a party witness is not one for which approval prior to service is provided under Rule 45. See FRCP 45(b)(2), (c)(3)(A).

■ This is not true of the alternative request for authorization to serve the subpoena on Mr. Sills as a non-party witness pursuant to Rule 45(b)(2) and section 502(e)(2) of the Employee Retirement Income Security Act of 1974 (ERISA). The relevant portion of Rule 45(b)(2) provides:

When a statute of the United States provides therefor, the court upon proper application and cause shown may authorize the service of a subpoena at any other place.

FRCP 45(b)(2). The statute of the United States upon which plaintiff relies states:

Where an action under this subchapter is brought in a district court of the United States, it may be brought in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found, and

process may be served in any other district where a defendant resides or may be found.

29 USC § 1132(e)(2). Plaintiff's alternative argument is that (1) the word "process" as used in this statute includes a trial subpoena, (2) defendant CNA does business in Connecticut and therefore "resides" in that state for purposes of this statute, and (3) non-party witness Sills, who resides in Connecticut, may therefore be served with a subpoena in that district. See 28 USC § 86 ("Connecticut constitutes one judicial district"). Thus, plaintiff's alternative argument depends upon the word "process" in the statute including a trial subpoena.

In support of the contention that the word "process" in section 502(e)(2) includes a trial subpoena, plaintiff cites to the portion of Rule 4 that states:

*Process, other than a subpoena or a summons and complaint,* shall be served by a United States marshal or deputy United States marshal, or by a person specially appointed for that purpose.

FRCP 4(c)(1) (emphasis added). As the passage cited by plaintiff indicates, "process" certainly can include a subpoena. It need not be construed so broadly though, as:

The word "process" ... as now commonly understood, refers to a summons, or, summons and complaint, and, less commonly, to a writ.

Black's Law Dictionary at 1085 (West 5th ed 1979). The court accordingly does not find the broad use of the word "process" in Federal Rule of Civil Procedure 4 conclusive on the question of the meaning of "process" in section 502(e)(2) of ERISA.

The word appears in the context of the statute's statement of where an action may be brought. In that context, the statement that "process may be served in any other district where a defendant resides or may be found" is best interpreted as referring solely to service of a summons or a summons and complaint upon a defendant, and not as encompassing a subpoena. 29 USC § 1132(e)(2).

Moreover, it is significant that adoption of plaintiff's position would mean that any

non-party witness residing in any district in the country could be served a subpoena requiring that non-party witness to testify at the trial of an ERISA action pending in any other district in the country. While it is undoubted that Congress could so provide if it wished, this court is unwilling to infer that Congress intended this result on the basis of language like that of the statute upon which plaintiff relies. 29 USC § 1132(e)(2). Indeed, language from statutes plaintiff has cited demonstrates that Congress, in the context of administrative proceedings under ERISA, has been very explicit when it intended to subject witnesses to this sort of inconvenience. See 29 USC § 1134(c) (making section 49 of Title 15 applicable); 15 USC § 49 ("Such attendance of witnesses ... may be required from any place in the United States, at any designated place of hearing").

The court therefore concludes that section 502(e)(2) of ERISA does not provide for the nationwide service of trial subpoenas, and so denies plaintiff's application.

ORDERED: Plaintiff's application for authorization to serve a trial subpoena is denied.